Opinion of the Court.
THIS case has been twice before in this court—See 2 Marsh. 214. On the return thereof to the court below, for the purpose of ascertaining waste and improvements, according to the directions of this court, commissioners were appointed who reported their assessment which was set aside on the motion of the present appellants. New commissioners, with only one of the old ones were appointed by consent of the parties, who reported still more unfavorably to the appellants. A motion was made to set aside this report also, and overruled by the court, and a decree entered for a balance in favor of the appellees from which this appeal is prayed.
We have not thought it necessary to travel into the exceptions to this report in detail, most of which are wholly unfounded in fact and law. One or two will, however, be noticed. Evidence of witnesses was introduced conducing to shew that the rents were valued somewhat too high and the price of improving too low, and that the waste and damage was not as great as the report stated. Other witnesses were introduced to rebut this and it appeared that the commissioners acted upon their own view as well as abundant testimony before them. As no improper motives were shewn to have actuated the commissioners, or that they were operated upon or influenced to do injustice, we cannot set aside this report on testimony so comparatively weak, when opposed to their report and their superior opportunity, by viewing the subjects of assessment on the ground.
*413 If the opinions of three or four witnesses on price or valuation, which is matter of opinion, were to be allowed to affect the report of commissioners, where no partiality or bias was shewn, but few reports would stand. The case must be a clear one, which would authorise the interposition of the court, where the commissioners had acted conscientiously and made no mistake in matters of law or in the subjects of valuation. Against the evidence in this case, we conceive, the report itself has the decided preponderance, and the court did right in overruling it.
The report expresses a sum for waste and injury to the soil previous to suit brought, which was excepted to. One of the commissioners deposed that this was an error in draughting the report, as he remembered nothing said on that subject. We have not thought it necessary to decide, whether it was competent for the commissioners thus to correct the report. For it does not appear when the waste or injury was committed, although it is evident that much was done on the land, and by the directions given by this court, all the waste or injury by reduction of soil, during occupancy, was allowed to be taken into the account, and no restriction was imposed as to the time when suit was brought. The question then as to the correction of the report, by the commissioner, when sworn to depose ore tenus, is wholly immaterial, and we cannot say that the rights of the appellee were affected by it, and we discover no error in the decree of the court below.
The decree of the court below must, therefore, be affirmed with damages and costs.